UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-659-CRS

PATRICIA STINSON                                          PLAINTIFF

v.

FEDERAL EXPRESS CORPORATION, *et al.*                DEFENDANTS

**MEMORANDUM OPINION**

Patricia Stinson claims she was sexually harassed, subjected to a hostile work environment, and retaliated against while working for Federal Express Corp. ("FedEx") in Louisville, Kentucky. She sued both FedEx and Ron Hamby, her direct supervisor and alleged harasser, for various claims under the Kentucky Civil Rights Act. Because Hamby is not an "employer" as defined by the KCRA, and because Stinson has not asserted any facts to suggest Hamby (as an individual) retaliated against Stinson, Hamby moved to dismiss all claims against him. The Court agrees and will sustain the motion.

I.

Stinson's complaint presents the following allegations:

Between 1997 and 2013, Stinson worked in various capacities for FedEx in Louisville, Kentucky. Starting in the summer of 2006, she was sexually harassed and forced to work in a hostile environment. Ron Hamby was Stinson's direct supervisor between 2006 and 2011. During that time, he repeatedly made unwanted sexual advances and inappropriate comments towards Stinson. She asked him to stop, but he never did. Though Stinson complained, the harassment continued.

After one particularly egregious incident in September 2011, Stinson e-mailed Senior Manager Steve James to report the harassment. He directed Stinson to the human resources department, which promised an investigation and a response. A month later, human resources told Stinson that their investigation uncovered some impropriety. They promised to address the activity by making policy recommendations to upper management.

Despite this, Senior Manager Steve James failed to implement any new policies. Stinson was forced to work alongside Hamby for two months after she complained. Finally, FedEx suspended (and ultimately terminated) Hamby in November 2011.

Then, the retaliation started. In December 2011, Stinson's senior manager removed her from her office position, changed her work hours, changed her job location, and required her to perform the work of two handlers by herself. After a period of leave for back pain the following year, another senior manager told her there was nothing FedEx could do to accommodate her injury. In late 2012 or early 2013, Stinson had to take another leave of absence for the back pain. As a result of this treatment, she began placing bids for transfer to other FedEx locations. In April 2013, she accepted an offer with FedEx in New Orleans, Louisiana.

Stinson sued both FedEx and Hamby, alleging three causes of action under the Kentucky Civil Rights Act: (1) Discrimination in Terms and Conditions of Employment Based upon Sex (in violation of KRS 344.040); (2) Sexually Hostile Workplace Environment (in violation of

KRS 344.040); and (3) Retaliation (in violation of KRS 344.040 and KRS 344.280). Hamby has now moved to dismiss all three claims against him.

II.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions.'" *Id.* at 488 (citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

III.

The Court begins with Stinson's discrimination and hostile work environment claims under KRS 344.040. Only an "employer" can be liable under that statute. *See* KRS 344.040 ("It is an unlawful practice *for an employer* . . . ."). "Employer" is a defined term; at minimum, a person is only an "employer" if he or she has at least eight employees. *See* KRS 344.030. Stinson concedes that Hamby does not qualify. These two claims will therefore be dismissed.

IV.

That leaves the retaliation claim under KRS 344.280. Unlike KRS 344.040, KRS 344.280 allows for individual liability: "It shall be an unlawful practice *for a person* . . . [t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter . . . ." KRS 344.280 (emphasis added). To state a prima facie retaliation claim under this statute, Stinson must show (1) that she engaged in protected activity, (2) that Hamby knew of her protected conduct, (3) that Hamby took an adverse employment action against her after her protected conduct, and (4) that there was a causal connection between the exercise of Stinson's right and the adverse employment action taken by Hamby. *See Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 504 (6th Cir. 2014).

Stinson's complaint fails to support the third and fourth elements of her prima facie case. It says that she e-mailed senior management to complain about Hamby in September 2011. Hamby was suspended "two months later"—in November 2011. The only allegations of adverse employment actions that are remotely specific occurred in December 2011 or later—after Hamby was gone. And she attributes all of those actions to individuals in "senior management."

Any portion of Stinson's complaint alleging that Hamby took an adverse employment action falls short of the federal pleading requirements. Stinson directs the Court to four paragraphs of her complaint to support the claim:

(1) **Immediately after** Plaintiff complained to Defendant FedEx, adverse employment actions were taken against the Plaintiff in retaliation for complaining of the highly offensive conduct . . . . (DN 1-2, at PageID # 16, ¶ 43 (emphasis added).)

(2) It took approximately two months for Defendant FedEx to suspend Defendant Hamby from his employment after Plaintiff filed her initial complaint. Because Defendant Fed [sic] failed to take the appropriate measures, Plaintiff was forced to continue working with Defendant Hamby while the sexual harassment investigation was conducted. Defendant Hamby was later terminated with a buy-out option. (*Id.* at PageID # 12-13, ¶ 18.)

4

  (3) There is a causal connection between Plaintiff Stinson's complaints of sexual harassment and discrimination and the adverse employment action taken against her at FedEx *by Defendants*. (*Id.* at PageID # 17, ¶ 46 (emphasis added).)

  (4) ***Defendants*** violated the Kentucky Civil Rights Act KRS 344.280 [sic] by conspiring to take adverse employment actions against Plaintiff Stinson . . . . (*Id.*, ¶ 47 (emphasis added).)

The first, third, and fourth paragraphs cited are "labels and conclusions" that merely recite the elements of recovery under the Kentucky Civil Rights Act; they are insufficient to support a claim in federal court. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Only the second paragraph recites any actual facts. It says that FedEx made Stinson work alongside Hamby for two months after she complained, but does not say whether Hamby did anything that could be considered an adverse employment action during that time. Without that, the retaliation claim falls short.

  A separate Order will be entered consistent with this Memorandum Opinion.

May 5, 2015

                 Charles R. Simpson III, Senior Judge
                  United States District Court

cc:  Counsel of Record